1  ROBERT A. SIEGEL (S.B. #64604)
   rsiegel@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
3  Los Angeles, CA 90071-2899
   Telephone:   213-430-6000
4  Facsimile:   213-430-6407

5  ADAM P. KOHSWEENEY  (S.B. #229983)
   akohsweeney@omm.com
6  KRISTIN M. MACDONNELL (S.B. #307124)
   kmacdonnell@omm.com
7  O'MELVENY & MYERS LLP
   Two Embarcadero Center
8  San Francisco, CA 94111-3823
   Telephone:   415-984-8912
9  Facsimile:   415-984-8701

10 Attorneys for Defendant
   United Airlines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WARD; FELICIA VIDRIO and PAUL BRADLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., and Does 1 through 25, inclusive,<br><br>Defendants. | Case No. CV _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT UNITED AIRLINES, INC.**<br><br>(28 U.S.C. §§ 1332(d), 1441(a))<br><br>(San Francisco Superior Court Case No. CGC-19-575737) |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS CHARLES E. WARD, FELICIA VIDRIO, PAUL BRADLEY, AND PLAINTIFFS' ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(1) and 1446, Defendant United Airlines, Inc. ("United") hereby files this Notice of Removal, removing this action brought by Plaintiff Charles E. Ward, Felicia Vidrio, and Paul Bradley ("Plaintiffs") from the Superior Court of the State of California, County of San Francisco, where the action is currently pending, to this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. United states the following grounds for removal:

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On May 16, 2019, United received a Summons and Complaint that had been filed on April 26, 2019, a true and correct copy of which is attached hereto collectively as Exhibit A. The action was brought as a putative class action in the Superior Court of the State of California, County of San Francisco, styled and captioned exactly as above, and assigned Case No. CGC-19-575737. On June 14, 2019, United filed an Answer to the Complaint in the Superior Court of the State of California, County of San Francisco, a copy of which is attached hereto as Exhibit B. No other process, pleadings or orders have been filed and served in this action, and no other defendant has been named or served.

2. The Complaint asserts four causes of action, predicated on United's alleged failure to compensate pilots and flight attendants for pre-flight duties and for time spent on "reserve" status. Specifically, Plaintiffs contend that United failed to pay pilots and flight attendants for "work they perform during the 60, 90, and 30-minute reporting time periods" and that United does not pay pilots and flight attendants "who are on-call in reserve status." (Ex. A ¶¶ 13-16.)

3. Plaintiff's First Cause of Action is for quantum meruit/quasi-contract. Plaintiffs claim that United has been unjustly enriched by allegedly not paying Plaintiffs and the putative class members for pre-flight duties and time spent on "reserve" status. Plaintiffs seek restitution in the amount of "the applicable regular hourly rates listed on [class members'] wage statements multiplied by the number of unpaid hours of pre-flight work and on-call reserve status work performed by each Class Member in California during the applicable statutory period, plus interest." (*Id*. ¶ 26.)

4. In their Second Cause of Action, Plaintiffs seek damages pursuant to California Labor Code §§ 1182.12, 1194, and 1197, and pursuant to IWC Wage Order 9-2001 § 4(B), for United's alleged failure to pay putative class members minimum wage "for all pre-flight work performed in California and for all on-call 'reserve status' work performed in California, plus interest, costs, and reasonable attorney's fees." (*Id.* ¶ 28.)

5. In their Third Cause of Action, Plaintiffs seek waiting time penalties pursuant to California Labor Code §§ 201, 202, and 203, based on United's alleged failure to pay putative class members wages for pre-flight work and/or work performed while on "reserve" status. (*Id.* ¶¶ 30-32.)

6. In their Fourth Cause of Action, Plaintiffs seek restitution pursuant to California Business & Professions Code § 17200 for United's alleged engagement in unfair business practices, predicated on the same alleged violations as discussed above. (*Id.* ¶¶ 34-36.)

7. This Notice of Removal has been filed within thirty (30) days of service of United, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied. Therefore, this Notice of Removal has been timely filed.

## **BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides that the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members, (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).[1]

---

[1] United does not waive, and expressly reserves, all arguments that this matter is improper for

1      9.      These three conditions are satisfied here.  First, Plaintiffs filed this action as a

2   "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(b) because Plaintiffs plead that this

3   civil action should be considered a class action under California law.  (Ex. A ¶ 18.)  Plaintiffs also

4   allege that there are over 8,000 members of the putative classes.  (*Id*. ¶ 20.)

5      10.     Second, Plaintiffs are citizens of California and Nevada.  (*Id*. ¶¶ 6-8.)  United is

6   incorporated in the State of Delaware, with its principal place of business in Chicago, Illinois, and

7   is therefore for removal purposes a citizen of the State of Delaware and of the State of Illinois.

8   (Declaration of Dorota Karpierz i/s/o United's Notice of Removal, dated June 14, 2019

9   ("Karpierz Decl.") ¶ 5.)  Thus, Plaintiffs are citizens of a state different from United within the

10  meaning of 28 U.S.C. § 1332(d)(2)(A).

11     11.     Third, the claims asserted by the plaintiff classes, aggregated as required by 28

12  U.S.C. § 1332(d)(2), exceed the necessary sum of $5,000,000 "in controversy" within the

13  meaning of 28 U.S.C. § 1332(d)(2).  Although United denies that Plaintiffs and/or any putative

14  class members are entitled to any relief based on the allegations in the Complaint, given the size

15  of the proposed class and the breadth of the claims alleged and relief sought, the amount put "in

16  controversy" by this litigation exceeds $5,000,000:

17      a.   Plaintiffs contend that United has failed to pay minimum wage to all pilots
18           and flight attendants who perform pre-flight work and all who have worked
19           on "reserve" status from four years from the filing of the Complaint to the
20           present.  (Ex. A ¶ 13-16; 18.)  Based on United's records, it currently
21           employs 12,293 pilots and 22,955 flight attendants who are domiciled at
22           California airports.  (Karpierz Decl. ¶ 2.)
23      b.   Although pay rates vary greatly due to a pilot's longevity, position on the
24           flight (e.g., captain or first officer), and the type of aircraft being flown,
25           according to the currently-applicable collective bargaining agreement
26           ("CBA") entered between United and the Air Line Pilots Association
27           International (the union that represents United's U.S.-based pilots), the

28  class certification.

- 4 -          NOTICE OF REMOVAL CV _____

lowest possible hourly rate for a pilot is $60.92/hour.  (Karpierz Decl. ¶ 3.) Similarly, although pay rates vary greatly due to a flight attendant's longevity and position on the flight, according to the CBA entered between United and the Association of Flight Attendants (the union that represents United's U.S.-based flight attendants), the lowest possible hourly rate for a flight attendant is $26.68/hour.  (*Id.* ¶ 4.)

    c.  Reducing the number of putative class members by approximately 50% to account for attrition, and assuming each putative class member worked five flights per month that involved 60-minute reporting times in California[2], the amount in controversy for Plaintiffs' Second Cause of Action for failure to pay minimum wage is $163,369,987 (240 x 60.92 x 6147) + (240 x. 26.68 x 11,478).

12.    This calculation only values the Second Cause of Action.  Accordingly, the actual amount in controversy is higher.

13.    In addition, Plaintiffs seek to recover attorney's fees, which further increases the alleged amount "in controversy" beyond $5,000,000.  (Ex. A, Prayer for Relief ¶ 8); *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) (holding that attorneys' fees were properly included in the amount in controversy requirement in a class action); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

14.    Thus, based on the reasonable assumptions set forth herein, the potential compensatory damages, together with the statutory penalties and attorneys' fees, exceed the $5,000,000 aggregate amount in controversy requirement set forth under 28 U.S.C. § 1332(d)(2).

---

[2] This would result in each putative class member being entitled to 60 hours of allegedly unpaid work per year, or 240 hours for the four years at issue in this litigation.

*Dart Cherokee*, 135 S.Ct. at 554 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## **VENUE**

15. Plaintiffs' state court action was commenced in the Superior Court of the State of California for the County of San Francisco and, pursuant to 28 U.S.C. §§ 84(a), 1441(a), & 1446(a) may be removed to this United States District Court for the Northern District of California, which embraces San Francisco County within its jurisdiction. (*See* Civil L.R. 3-2(d).)

## **CONCLUSION**

16. For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) & 1446, this state court action may be removed to this Federal District Court.

**WHEREFORE**, Defendant requests that this action be brought to this Court, and that this Court exercise its jurisdiction in the premises.

Dated: June 14, 2019

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY
KRISTIN M. MACDONNELL

By: /s/ *Adam P. KohSweeney*
Adam P. KohSweeney
Attorneys for Defendant United Airlines, Inc.

- 6 -    NOTICE OF REMOVAL CV _____