SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

5-10-19
1:55

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AIRLINES, INC., and Does 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLES E. WARD, FELICIA VIDRIO and PAUL BRADLEY, individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: SAN FRANCISCO SUPERIOR COURT
*(El nombre y dirección de la corte es):*
Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102

**CASE NUMBER:** *(Número del Caso):*
CGC-19-575737

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kirk D. Hanson, Esq./Jeffrey C. Jackson, Esq., 2790 Truxtun Rd., Ste.140, San Diego, CA 92106  619/523-1992

DATE: APR 2 6 2019    CLERK OF THE COURT    Clerk, by _____, Deputy
*(Fecha)*                                   *(Secretario)*                  *(Adjunto)*

DE LA VEGA-NAVARRO, Rossaly

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* United Airlines, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kirk D. Hanson, Esq. (SBN 237920)<br>Jeffrey C. Jackson, Esq. (SBN 140990)<br>2790 Truxtun Rd., Ste. 140<br>San Diego, CA 92106<br>TELEPHONE NO.: (619)523-1992   FAX NO.: (619)523-9002<br>ATTORNEY FOR (Name): Charles E. Ward, Felicia Vidrio and Paul Bradley | ENDORSED FILED<br>Superior Court of California<br>County of San Francisco<br>APR 26 2019<br>CLERK OF THE COURT<br>BY: ROSSALY DE LA VEGA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister
MAILING ADDRESS: 400 McAlisster, Room 103
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Charles E. Ward, Felicia Vidrio, and Paul Bradley v. United Airlines, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: CGC-19-575737 |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): 4
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 24, 2019

Kirk D. Hanson
(TYPE OR PRINT NAME)                                          ▶ /s/ Kirk D. Hanson
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

    **DATE:**    SEP-25-2019

    **TIME:**    10:30AM

    **PLACE:**  Department 610
                    400 McAllister Street
                    San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
>
> (SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

Kirk D. Hanson, State Bar No. 167920
LAW OFFICES OF KIRK D. HANSON
2790 Truxtun Rd., Suite 140
San Diego, California 92106
(619) 523-1992 Tel.
(619) 523-9002 Fax

Jeffrey C. Jackson, State Bar No. 140990
LAW OFFICES OF JEFFREY C. JACKSON
2790 Truxtun Rd., Suite 140
San Diego, California 92106
(619) 523-9001 Tel.
(619) 523-9002 Fax

Attorneys for Plaintiffs
Charles E. Ward, Felicia Vidrio,
and Paul Bradley

ENDORSED
FILED
Superior Court of California
County of San Francisco

APR 26 2019

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CHARLES E. WARD, FELICIA VIDRIO and PAUL BRADLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., and Does 1 through 25, inclusive,<br><br>Defendants. | Case No.: CGC-19-575737<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs, CHARLES E. WARD, FELICIA VIDRIO and PAUL BRADLEY ("Plaintiffs"); on behalf of themselves and all others similarly situated, complain and allege as follows:

COMPLAINT

1

## I. INTRODUCTION

1. Plaintiffs bring this action against UNITED AIRLINES, INC. and DOES 1 through 25 (hereinafter also collectively referred to as "Defendants") for violations of California's wage and hour laws stemming from the following uniform policies of Defendants: (1) pilots and flight attendants are required to perform pre-flight duties without compensation; and (2) pilots and flight attendants who work on-call in "reserve status," perform such work without compensation, despite being subject to the extensive control of Defendants.

2. Defendants are in the business of air transportation and conduct this business throughout the United States, including the State of California. Plaintiffs are current and former employees of Defendants and are paid on an hourly basis.

3. Plaintiffs bring this lawsuit against Defendants on behalf of themselves and all other current and former pilots and flight attendants of Defendants who perform work in California, seeking, among other things, unpaid wages, interest, penalties, attorney's fees, costs, and injunctive relief pursuant to the California law.

## II. JURISDICTION

4. This Court has jurisdiction over Plaintiffs' and the Class Members' claims for relief as Plaintiffs perform work in California without compensation, in violation of California's laws regulating wages, hours, and conditions of work. Likewise, this Court has jurisdiction over Defendants as Defendants have deep contacts with the State of California, including but not limited to, employing over 17,000 employees at San Francisco International Airport (SFO) and Los Angeles International Airport (LAX) alone, servicing 17 airports in California (more than in any other state), operating over 400

flights daily in California, serving an average of 10.6 million passengers annually at SFO and 5.6 million passengers annually at LAX, and recently investing $573,000,000 in upgrades to Defendants' facilities at LAX.

### III. VENUE

5. Venue as to each Defendant is proper in this court, pursuant to Code of Civil Procedures § 395(a). Each Defendant maintains offices, transacts business, and/or has an agent in San Francisco County, and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Francisco County. Defendants employ the Class Members in San Francisco County and other counties in California.

### IV. PARTIES

**Plaintiffs**

6. Class representative CHARLES E. WARD resides in Marin County, California, was employed by Defendants as a pilot until his retirement in August of 2018, and was headquartered during his employment with Defendants at SFO.

7. Class representative FELICIA VIDRIO resides in Oceanside, California, is currently employed by Defendants as a flight attendant, and is headquartered at SFO.

8. Class representative PAUL BRADLEY resides in Nevada, is currently employed by Defendants as a flight attendant, and is headquartered at LAX.

///

### Defendants

9.  Plaintiffs are informed and believe, and based thereon allege, that UNITED AIRLINES, INC., is the employer of Plaintiffs and the Class Members, and employed these persons during the applicable class period and applicable statutory periods.

10. Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 25, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of wages and penalties to Plaintiffs and the Class Members by virtue of Defendants' unlawful actions and practices, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11. Plaintiffs are informed and believe, and based thereon allege, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, Plaintiffs allege that a unity of interest and ownership exists between each Defendant such that all Defendants acted as a single employer of Plaintiffs and the Class Members.

12. Pursuant to Labor Code § 2699.3(a), on April 24, 2019, Plaintiffs gave written notice by certified mail to Defendants and notice by electronic service to the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations. Once Plaintiffs have exhausted the administrative requirements of the Labor Code Private Attorneys General Act (Lab. C. §

2698 et seq.), they will seek leave to amend this complaint to allege claims against Defendants for civil penalties under the Labor Code Private Attorneys General Act.

## V. GENERAL FACTUAL ALLEGATIONS

### A. Unpaid Pre-Flight Duties

13. Pilots employed by Defendants are required to report for duty at the airport, *in uniform*, 60 minutes before their first flight in the duty period for domestic flights, 90 minutes before their first flight in the duty period for international flights, and 30 minutes before each additional flight that occurs in the same duty period. The duty period begins when a pilot is required to report for duty and ends when the pilot is released from duty. Defendants do not compensate their pilots for the work they perform during the 60, 90, and 30-minute pre-flight reporting time periods. Defendants only compensate the pilots for actual flight time, that is, the time beginning when all cabin and cargo doors on the aircraft are closed and the parking brakes are released, and ending when the aircraft arrives at a passenger unloading point and the first cabin or cargo door is opened. The duties performed by the pilots during the unpaid 60, 90, and 30-minute pre-flight reporting time periods include, but are not limited to, obtaining the flight plan, loading the flight plan onto the aircraft's computer, calculating the correct amount of fuel needed for the flight plan, recalculating the flight plan and fuel requirements as needed to adjust for bad weather, checking all switches in the cockpit to ensure they are physically set in the correct position for the pushback sequence, input all non-safety related repair/maintenance items received from the flight attendant's cabin inspection, and conducting a physical inspection of the exterior of the aircraft (e.g. one of the pilots inspects the tires, tire pressure, engines, lights, flaps, aileron, flight service controls, pitot static system intakes, and checks for hydraulic leaks and oil leaks). The pilots receive no compensation for performing these important pre-flight duties.

14. Flight attendants employed by Defendants are required to report for duty at the airport, *in uniform*, 60 minutes before their first flight in the duty period for domestic flights, 90 minutes before their first flight in the duty period for international flights, and 30 minutes before each additional flight that occurs in the same duty period. The duty period begins when a flight attendant is required to report for duty and ends when the flight attendant is released from duty. Defendants do not compensate their flight attendants for the work they perform during the 60, 90, and 30-minute pre-flight reporting time periods. Defendants only compensate the flight attendants for actual flight time, that is, the time beginning when all cabin and cargo doors on the aircraft are closed and the parking brakes are released, and ending when the aircraft arrives at a passenger unloading point and the first cabin or cargo door is opened. The duties performed by the flight attendants during the unpaid 60, 90, and 30-minute pre-flight reporting time periods include, but are not limited to, assisting passengers with boarding the aircraft and stowing their luggage, tagging and removing luggage that cannot be stowed, inspecting the cabin for broken items and safety issues (e.g. tray tables, lights, seatbelts, seat cushions, proper seat operation) and reporting such issues to the pilots, setting up food service, serving food and drinks to first class passengers, making all FAA required safety and operation announcements, checking the pressure on the emergency oxygen bottle, checking the emergency exit door pressure gauge, and generally responding to passenger needs. The flight attendants receive no compensation for performing these important pre-flight duties.

B. **Unpaid On-Call "Reserve Status"**

15. When pilots employed by Defendants work on-call in "reserve status," they work on reserve status for a total of 18 days during the month, and work blocks of 4 to 6 consecutive days on reserve status with 3 days off work in between the blocks of reserve status work. When working a

COMPLAINT

6

reserve status day, the pilots are on-call for 14 hours during each 24-hour day. During this on-call reserve status time period, pilots must respond immediately when contacted by Defendants to perform work, including donning the company uniform and traveling to their headquartered airport. Accordingly, during the on-call reserve status time period, the pilots are severely limited with respect to (1) how far they can travel away from their residence near the airport and (2) the kinds of activities they can engage in. Of course, the pilots must refrain from consuming any alcohol during the time period when they are on-call in reserve status. During the on-call reserve status time period, pilots must always be ready to instantly serve Defendants. Defendants do not compensate their pilots who are on-call in reserve status.

16. When flight attendants employed by Defendants work on-call in "reserve status," they are on reserve status for 24 hours, but are only compensated for 4 hours and 27 minutes of the 24-hour reserve status time period. During this on-call reserve status time period, flight attendants must respond immediately when contacted by Defendants to perform work, including donning the company uniform and traveling to their headquartered airport. Accordingly, during the on-call reserve status time period, the flight attendants are severely limited with respect to (1) how far they can travel away from their residence near the airport and (2) the kinds of activities they can engage in. Flight attendants must refrain from consuming any alcohol during the time period when they are on-call in reserve status. During the on-call reserve status time period, flight attendants must always be ready to instantly serve Defendants. Defendants do not compensate their flight attendants who are on-call in reserve status beyond 4 hours and 27 minutes, despite the fact that the flight attendants are on-call in reserve status for 24 hours.

///

///

COMPLAINT

7

## VI.   CLASS ACTION ALLEGATIONS

17.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 16 above as though fully set forth herein.

18.   **Class Definitions.** Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Code of Civil Procedure §382. The Classes that Plaintiffs seek to represent are defined as follows:

(1)   All persons who were employed by UNITED AIRLINES, INC. as pilots at any time from four years before the filing of the Complaint up through the time of the judgment in this action, who performed any unpaid pre-flight work in California.

(2)   All persons who were employed by UNITED AIRLINES, INC. as flight attendants at any time from four years before the filing of the Complaint up through the time of the judgment in this action, who performed any unpaid pre-flight work in California.

(3)   All persons who were employed by UNITED AIRLINES, INC. as pilots at any time from four years before the filing of the Complaint up through the time of the judgment in this action, who were residents of California and performed any unpaid on-call "reserve status" work in California.

(4)   All persons who were employed by UNITED AIRLINES, INC. as flight attendants at any time from four years before the filing of the Complaint up through the time of the judgment in this action, who were residents of California and performed any unpaid on-call "reserve status" work in California.

(5)   All persons who were employed by UNITED AIRLINES, INC. as pilots, who were residents of California, and whose employment with UNITED AIRLINES, INC. ended at any time between three years before the filing of the Complaint up through the time of the judgment in this action.

(6) All persons who were employed by UNITED AIRLINES, INC. as flight attendants, who were residents of California, and whose employment with UNITED AIRLINES, INC. ended at any time between three years before the filing of the Complaint up through the time of the judgment in this action.

19. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable from Defendants' personnel and payroll records.

20. **Numerosity.** The potential members of the classes as defined are so numerous that a joinder of all Class Members is impracticable. While the precise number of Class Members has not yet been determined, Plaintiffs are informed and believe that Defendants have employed in excess of 2000 pilots and in excess of 6000 flight attendants in California during the Class Periods.

21. **Commonality.** There are questions of law and fact common to the classes which predominate over any questions affecting only individual members of the classes, including without limitation, as alleged herein, whether:

   a. Defendants have failed to compensate the Class Members for pre-flight work performed in California in violation of California law;

   b. Defendants have failed to compensate the Class Members for on-call "reserve status" work performed in California in violation of California law;

   c. Defendants have failed to pay Class Members who are former employees of Defendants all wages owed to them at the time of termination of the employment relationship;

   d. Defendants have violated California Business and Professions Code §§ 17200 et seq. by their failure to compensate the Class Members for pre-flight work and on-call "reserve status" work performed in California, and by the failure to pay the

Class Members all wages due and owing at the time of the termination of the employment relationship; and

e. The Class Members are entitled to equitable relief pursuant to California Business and Professions Code §§ 17200 et seq., including restitution of wages.

22. **Typicality**. The Class Representative Plaintiffs' claims are typical of the claims of the classes. The Class Representative Plaintiffs were subjected to the same violations of their rights under California law and seek the same types of damages and penalties, and other relief on the same theories and legal grounds as the members of the classes they seek to represent.

23. **Adequacy of Representation**. Class Representative Plaintiffs Charles E. Ward, Felicia Vidrio, and Paul Bradley are members of the classes they seek to represent and will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' interests are not in conflict with those of the Class Members. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

24. **Superiority of Class Action**. Class certification is appropriate here because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

///

///

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### QUANTUM MERUIT/QUASI-CONTRACT

25. Plaintiffs hereby incorporate by reference Paragraphs 1 through 24 above as though fully set forth herein.

26. Plaintiffs rendered services to Defendants benefiting Defendants, to wit, pre-flight work performed in California and on-call "reserve status" work performed in California, but were not compensated by Defendants for such work. Injustice has resulted to Plaintiffs and the Class Members by providing the benefits of this work to Defendants without compensation, and Defendants have thereby been unjustly enriched. Accordingly, Plaintiffs seek recovery for themselves and the other Class Members for the reasonable value of the services they provided to Defendants without compensation. Plaintiffs and the other Class Members seek restitution from Defendants of all unpaid wages for pre-flight work performed in California and all unpaid wages for on-call "reserve status" work performed in California, and seek restitution of these unpaid wages as measured by the applicable regular hourly rates listed on their wage statements multiplied by the number of unpaid hours of pre-flight work and on-call reserve status work performed by each Class Member in California during the applicable statutory period, plus interest.

### SECOND CAUSE OF ACTION

### UNPAID MINIMUM WAGE

27. Plaintiffs hereby incorporate by reference Paragraphs 1 through 26 above as though fully set forth herein.

COMPLAINT

11

28. Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, §4(B), require that employers pay at least the applicable minimum wage to employees for all hours worked in California. Plaintiffs and the other Class Members performed pre-flight work in California and on-call "reserve status" work in California, but were not compensated by Defendants for such work. Accordingly, Plaintiffs and the other Class Members did not receive compensation at California's minimum wage for such work. Defendants' failure to pay Plaintiffs and the other Class Members at least the required minimum wage for this work violates Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B). Pursuant to Labor Code §§ 1194, Plaintiffs and the other Class Members seek recovery of the unpaid minimum wage for all pre-flight work performed in California and for all on-call "reserve status" work performed in California, plus interest, costs, and reasonable attorney's fees. Additionally, pursuant to Labor Code § 1194.2, Plaintiffs and the other Class Members seek recovery of liquidated damages equal to the amount of the unpaid minimum wages.

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES

29. Plaintiffs hereby incorporate by reference Paragraphs 1 through 28 above as though fully set forth herein.

30. Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation. If an employer fails to comply with its obligations under Labor Code §§201(a) and 202(a), then pursuant to Labor Code § 203, the employer must pay statutory penalties to the affected

COMPLAINT

12

employee in the amount of one day's wages for each day the employee's wages are withheld, up to a maximum penalty of 30 days of wages.

31. Defendants do not pay their pilots and flight attendants all wages owed for pre-flight work performed in California or for on-call "reserve status" work performed in California. Thus, in violation of Labor Code §§ 201 and 202, Defendants' pilots and flight attendants who reside in California are not paid these wages at the time of termination or resignation.

32. Defendants' violations of §§ 201 and 202 as set forth above, are willful. Accordingly, Plaintiffs Ward and Vidrio seek, on behalf of themselves and the Class Members, the penalties provided by Labor Code § 203 in the amount of 30 days of wages for each former pilot and flight attendant of Defendants who performed unpaid pre-flight work and unpaid on-call "reserve status" work in California.

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

33. Plaintiffs hereby incorporate by reference Paragraphs 1 through 32 above as though fully set forth herein.

34. California Business & Professions Code § 17200, et seq., prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..." The Class Members, including Plaintiffs, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein above. Defendants' conduct alleged above violated California's Labor Code and IWC Wage Order No. 9-2001.

COMPLAINT

13

35. At all relevant times herein, Defendants did not pay the Class Members, including Plaintiffs, the wages that were owed to them. As a result of Defendants' failure to comply with the Labor Code and IWC Wage Order No. 9-2001, the Class Members, including Plaintiffs, suffered a loss of wages, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Business & Professions Code § 17200, et seq. and are unlawful and unfair business practices because it is being done in a systematic manner over a period of time to the detriment of the Class Members, including Plaintiffs.

36. As a result of the unfair business practices of Defendants alleged herein, the Class Members, including Plaintiffs, are entitled to restitution of their unlawfully withheld wages in an amount according to proof at trial. As private attorneys general under California Code of Civil Procedure § 1021.5, the Class Members seek to recover all attorney's fees and costs incurred herein.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants, jointly and severally as follows:

1. That the First through the Fourth Causes of Action be certified as a class action pursuant to Code of Civil Procedure § 382;

2. That Plaintiffs be appointed as the Class Representatives;

3. That counsel for Plaintiffs be appointed Class Counsel;

4. For such general, special and liquidated damages as may be appropriate, including all damages alleged above;

5. For payment of all unpaid wages that were denied due to Defendants' illegal pre-flight work policy, illegal on-call "reserve status" policy, and illegal withholding of wages at termination of employment policy;

6. For waiting time penalties of up to thirty (30) days of wages as provided for in Labor Code § 203 for all Class Members who are no longer employed by Defendants;

7. For restitution of all unpaid wages illegally withheld, as described in the claim for relief under Business & Professions Code § 17200, et seq. in the Fourth Cause of Action, and for appropriate injunctive relief under Business & Professions Code § 17200, et seq. compelling Defendants to comply with the requirements of California law with respect to pre-flight work and on-call reserve status work performed by pilots and flight attendants in California;

8. For reasonable attorney's fees and costs of suit permitted by California law, including fees based upon the common fund doctrine and lodestar rule;

9. For pre- and post-judgement interest; and

10. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiffs hereby demand a trial by jury in this action.

Dated: April 24, 2019

LAW OFFICES OF KIRK D. HANSON

BY: /s/ Kirk D. Hanson
Kirk D. Hanson, Esq.
Attorneys for Plaintiffs Charles E. Ward, Felicia Vidrio, and Paul Bradley