1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHARLES E. WARD; FELICIA VIDRIO
and PAUL BRADLEY, individually, and
on behalf of all others similarly situated,

Plaintiffs,

v.

UNITED AIRLINES, INC., and Does 1
through 25, inclusive,

Defendants.

Case No.  3:19-cv-03423-LB

STIPULATION RE: LEAVE TO FILE FIRST
AMENDED COMPLAINT PURSUANT TO
FRCP 15(a)(2) AND ORDER THEREON

**WHEREAS**, plaintiffs  Charles E. Ward, Felicia Vidrio, and Paul Bradley (collectively,
"Plaintiffs") now seek to file a First Amended Complaint ("FAC"), adding two additional causes
of action pursuant to the Labor Code Private Attorneys General Act, California Labor Code §§
2698 *et seq.* but otherwise leaving the complaint as originally plead;

**WHEREAS**, defendant United Airlines, Inc. ("United" or "Defendant") does not oppose
Plaintiffs filing such an FAC;

**WHEREAS**, the parties hereby stipulate that upon the Court's entry of Order allowing
Plaintiffs to file the attached FAC, the FAC shall be deemed served on Defendant through its
attorneys of record on that date and Defendant shall answer, move, or otherwise respond to the
FAC thirty (30) days thereafter; and

**WHEREAS**, Defendant denies all allegations in the FAC, and by stipulating to the filing
of the FAC, Defendant does not waive, but rather expressly preserves, all substantive and
procedural defenses thereto.

STIPULATION RE: LEAVE TO FILE FAC

1    **THEREFORE**, pursuant to FRCP 15(a)(2), it is hereby stipulated and agreed by and

2   between the undersigned parties, through their respective counsel, to the filing of the FAC

3   attached hereto as Exhibit 1. It is further hereby stipulated that the attached FAC shall be deemed

4   served on Defendant through its attorneys of record on the date that the Court signs this Order and

5   that Defendant shall have thirty (30) days thereafter, if not sooner, to answer, move, or otherwise

6   respond to the FAC, with all substantive and procedural defenses thereto preserved.

7

8    **IT IS SO STIPULATED.**

9       Dated: September 12, 2019              LAW OFFICES OF KIRK D. HANSON
10                                             KIRK D. HANSON
11
12                                             By:___ /s/ Kirk D. Hanson_____
                                                   Kirk D. Hanson
13                                             Attorneys for Plaintiffs Charles Ward, Felicia
                                               Vidrio, and Paul Bradley
14
15      Dated: September 12, 2019              O'MELVENY & MYERS LLP
                                               ADAM P. KOHSWEENEY
16                                             SUSANNAH K. HOWARD
17
18                                             By:___ /s/ Adam P. KohSweeney_____
                                                   Adam P. KohSweeney
19                                             Attorneys for Defendant United Airlines, Inc.
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

STIPULATION RE: LEAVE TO FILE FAC
AND ORDER THEREON

# EXHIBIT 1

1  Kirk D. Hanson, State Bar No. 167920
   LAW OFFICES OF KIRK D. HANSON
2  2790 Truxtun Rd., Suite 140
   San Diego, California 92106
3  (619) 523-1992 Tel.
   (619) 523-9002 Fax
4
   Jeffrey C. Jackson, State Bar No. 140990
5  LAW OFFICES OF JEFFREY C. JACKSON
   2790 Truxtun Rd., Suite 140
6  San Diego, California 92106
   (619) 523-9001 Tel.
7  (619) 523-9002 Fax

8  Attorneys for Plaintiffs
   Charles E. Ward, Felicia Vidrio,
9  and Paul Bradley

10              UNITED STATES DISTRICT COURT,

11           NORTHERN DISTRICT OF CALIFORNIA

12

13  CHARLES E. WARD, FELICIA VIDRIO and    )  Case No.:  19-cv-03423-LB
    PAUL BRADLEY, individually, and on behalf of )
14  all others similarly situated,           )  **FIRST AMENDED COMPLAINT**
                                             )  **(CLASS ACTION AND PAGA**
15              Plaintiffs,                   )  **REPRESENTATIVE ACTION COMPLAINT)**
    v.                                       )
16                                           )
17  UNITED AIRLINES, INC., and Does 1 through )
    25, inclusive,                           )
18                                           )
19              Defendants.                   )
                                             )
20  _____ )

21

22        Plaintiffs, CHARLES E. WARD, FELICIA VIDRIO and PAUL BRADLEY ("Plaintiffs"), on

23  behalf of themselves and all others similarly situated, complain and allege as follows:

24

25  _____

                        FIRST AMENDED COMPLAINT

**I.     INTRODUCTION**

1.     Plaintiffs bring this action against UNITED AIRLINES, INC. and DOES 1 through 25 (hereinafter also collectively referred to as "Defendants") for violations of California's wage and hour laws stemming from the following uniform policies of Defendants: (1) pilots and flight attendants are required to perform pre-flight duties without compensation; and (2) pilots and flight attendants who work on-call in "reserve status," perform such work without compensation, despite being subject to the extensive control of Defendants.

2.     Defendants are in the business of air transportation and conduct this business throughout the United States, including the State of California. Plaintiffs are current and former employees of Defendants and are paid on an hourly basis.

3.     Plaintiffs bring this lawsuit against Defendants on behalf of themselves and all other current and former pilots and flight attendants of Defendants who perform work in California, seeking, among other things, unpaid wages, interest, statutory penalties, civil penalties, attorney's fees, costs, and injunctive relief pursuant to the California law.

**II.    JURISDICTION**

4.     This Court has jurisdiction over Plaintiffs', the Class Members', and the Aggrieved Employees' claims for relief as these persons perform work in California without compensation, in violation of California's laws regulating wages, hours, and conditions of work. Likewise, this Court has jurisdiction over Defendants as Defendants have deep contacts with the State of California, including but not limited to, employing over 17,000 employees at San Francisco International Airport (SFO) and Los Angeles International Airport (LAX) alone, servicing 17 airports in California (more than in any

1   other state), operating over 400 flights daily in California, serving an average of 10.6 million passengers

2   annually at SFO and 5.6 million passengers annually at LAX, and recently investing $573,000,000 in

3   upgrades to Defendants' facilities at LAX.

4   **III.   VENUE**

5

6   5.   Venue as to each Defendant is proper in this court, pursuant to Code of Civil Procedures §

7   395(a). Each Defendant maintains offices, transacts business, and/or has an agent in San Francisco

8   County, and each Defendant is otherwise within this Court's jurisdiction for purposes of service of

9   process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated

10   within the State of California and within San Francisco County. Defendants employ the Class Members

11   and Aggrieved Employees in San Francisco County and other counties in California.

12   **IV.   PARTIES**

13

14   **Plaintiffs**

15   6.   Class representative CHARLES E. WARD resides in Marin County, California, was

16   employed by Defendants as a pilot until his retirement in August of 2018, and was headquartered during

17   his employment with Defendants at SFO.

18   7.   Class representative FELICIA VIDRIO resides in Oceanside, California, is currently

19   employed by Defendants as a flight attendant, and is headquartered at SFO.

20

21   8.   Class representative PAUL BRADLEY resides in Nevada, is currently employed by

22   Defendants as a flight attendant, and is headquartered at LAX.

23

24

25

FIRST AMENDED COMPLAINT

3

**Defendants**

9.      Plaintiffs are informed and believe, and based thereon allege, that UNITED AIRLINES, INC., is the employer of Plaintiffs, the Class Members, and Aggrieved Employees and employed these persons during the applicable class period and applicable statutory periods.

10.     Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 25, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of wages and penalties to Plaintiffs, the Class Members, and the Aggrieved Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11.     Plaintiffs are informed and believe, and based thereon allege, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, Plaintiffs allege that a unity of interest and ownership exists between each Defendant such that all Defendants acted as a single employer of Plaintiffs and the Class Members.

12.     Pursuant to the California Private Attorneys General Act ("PAGA")(Labor C. § 2698 et seq.), and in particular Labor Code § 2699.3(a), on April 24, 2019, Plaintiffs Ward and Vidrio gave written notice by certified mail to Defendants and notice by electronic service to the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations.

Over sixty-five (65) calendar days have passed since Plaintiffs Ward and Vidrio provided the LWDA with their PAGA claim notice on April 24, 2019, and there has been no response from the LWDA. Therefore, Plaintiffs Ward and Vidrio have exhausted the prefiling administrative requirements of PAGA, and may now prosecute the PAGA representative claims on behalf of the State of California in their role as private attorneys general.

## V.      GENERAL FACTUAL ALLEGATIONS

### A.      Unpaid Pre-Flight Duties

13.      Pilots employed by Defendants are required to report for duty at the airport, *in uniform*, 60 minutes before their first flight in the duty period for domestic flights, 90 minutes before their first flight in the duty period for international flights, and 30 minutes before each additional flight that occurs in the same duty period. The duty period begins when a pilot is required to report for duty and ends when the pilot is released from duty. Defendants do not compensate their pilots for the work they perform during the 60, 90, and 30-minute pre-flight reporting time periods. Defendants only compensate the pilots for actual flight time, that is, the time beginning when all cabin and cargo doors on the aircraft are closed and the parking brakes are released, and ending when the aircraft arrives at a passenger unloading point and the first cabin or cargo door is opened. The duties performed by the pilots during the unpaid 60, 90, and 30-minute pre-flight reporting time periods include, but are not limited to, obtaining the flight plan, loading the flight plan onto the aircraft's computer, calculating the correct amount of fuel needed for the flight plan, recalculating the flight plan and fuel requirements as needed to adjust for bad weather, checking all switches in the cockpit to ensure they are physically set in the correct position for the pushback sequence, input all non-safety related repair/maintenance items received from the flight attendant's cabin inspection, and conducting a physical inspection of the

exterior of the aircraft (e.g. one of the pilots inspects the tires, tire pressure, engines, lights, flaps, aileron, flight service controls, pitot static system intakes, and checks for hydraulic leaks and oil leaks). The pilots receive no compensation for performing these important pre-flight duties.

14.    Flight attendants employed by Defendants are required to report for duty at the airport, *in uniform*, 60 minutes before their first flight in the duty period for domestic flights, 90 minutes before their first flight in the duty period for international flights, and 30 minutes before each additional flight that occurs in the same duty period. The duty period begins when a flight attendant is required to report for duty and ends when the flight attendant is released from duty. Defendants do not compensate their flight attendants for the work they perform during the 60, 90, and 30-minute pre-flight reporting time periods. Defendants only compensate the flight attendants for actual flight time, that is, the time beginning when all cabin and cargo doors on the aircraft are closed and the parking brakes are released, and ending when the aircraft arrives at a passenger unloading point and the first cabin or cargo door is opened. The duties performed by the flight attendants during the unpaid 60, 90, and 30-minute pre-flight reporting time periods include, but are not limited to, assisting passengers with boarding the aircraft and stowing their luggage, tagging and removing luggage that cannot be stowed, inspecting the cabin for broken items and safety issues (e.g. tray tables, lights, seatbelts, seat cushions, proper seat operation) and reporting such issues to the pilots, setting up food service, serving food and drinks to first class passengers, making all FAA required safety and operation announcements, checking the pressure on the emergency oxygen bottle, checking the emergency exit door pressure gauge, and generally responding to passenger needs. The flight attendants receive no compensation for performing these important pre-flight duties.

///

**B.      Unpaid On-Call "Reserve Status"**

15.      When pilots employed by Defendants work on-call in "reserve status," they work on reserve status for a total of 18 days during the month, and work blocks of 4 to 6 consecutive days on reserve status with 3 days off work in between the blocks of reserve status work.  When working a reserve status day, the pilots are on-call for 14 hours during each 24-hour day. During this on-call reserve status time period, pilots must respond immediately when contacted by Defendants to perform work, including donning the company uniform and traveling to their headquartered airport. Accordingly, during the on-call reserve status time period, the pilots are severely limited with respect to (1) how far they can travel away from their residence near the airport and (2) the kinds of activities they can engage in. Of course, the pilots must refrain from consuming any alcohol during the time period when they are on-call in reserve status. During the on-call reserve status time period, pilots must always be ready to instantly serve Defendants. Defendants do not compensate their pilots who are on-call in reserve status.

16.      When flight attendants employed by Defendants work on-call in "reserve status," they are on reserve status for 24 hours, but are only compensated for 4 hours and 27 minutes of the 24-hour reserve status time period. During this on-call reserve status time period, flight attendants must respond immediately when contacted by Defendants to perform work, including donning the company uniform and traveling to their headquartered airport. Accordingly, during the on-call reserve status time period, the flight attendants are severely limited with respect to (1) how far they can travel away from their residence near the airport and (2) the kinds of activities they can engage in. Flight attendants must refrain from consuming any alcohol during the time period when they are on-call in reserve status. During the on-call reserve status time period, flight attendants must always be ready to instantly serve Defendants. Defendants do not compensate their flight attendants who are on-call in reserve status

1  beyond 4 hours and 27 minutes, despite the fact that the flight attendants are on-call in reserve status for

2  24 hours.

3  **VI.    CLASS ACTION ALLEGATIONS**

4

5  17.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 16 above as though fully

6  set forth herein.

7  18.    **Class Definitions.** Plaintiffs bring this action on behalf of themselves and all others

8  similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The

9  Classes that Plaintiffs seek to represent are defined as follows:

10

11      (1)    All persons who were employed by UNITED AIRLINES, INC. as pilots at any
               time from four years before the filing of the Complaint up through the time of the
12             judgment in this action, who performed any unpaid pre-flight work in California.

13

14      (2)    All persons who were employed by UNITED AIRLINES, INC. as flight
               attendants at any time from four years before the filing of the Complaint up
15             through the time of the judgment in this action, who performed any unpaid pre-
               flight work in California.

16

17      (3)    All persons who were employed by UNITED AIRLINES, INC. as pilots at any
               time from four years before the filing of the Complaint up through the time of the
18             judgment in this action, who were residents of California and performed any
               unpaid on-call "reserve status" work in California.

19

20

21      (4)    All persons who were employed by UNITED AIRLINES, INC. as flight
               attendants at any time from four years before the filing of the Complaint up
22             through the time of the judgment in this action, who were residents of California
               and performed any unpaid on-call "reserve status" work in California.

23  ///

24  ///

25

FIRST AMENDED COMPLAINT

(5)     All persons who were employed by UNITED AIRLINES, INC. as pilots, who were residents of California, and whose employment with UNITED AIRLINES, INC. ended at any time between three years before the filing of the Complaint up through the time of the judgment in this action.

(6)     All persons who were employed by UNITED AIRLINES, INC. as flight attendants, who were residents of California, and whose employment with UNITED AIRLINES, INC. ended at any time between three years before the filing of the Complaint up through the time of the judgment in this action.

19.     This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable from Defendants' personnel and payroll records.

20.     **Numerosity.** The potential members of the classes as defined are so numerous that a joinder of all Class Members is impracticable. While the precise number of Class Members has not yet been determined, Plaintiffs are informed and believe that Defendants have employed 12,293 pilots and 22,955 flight attendants in California during the Class Periods.

21.     **Commonality.** There are questions of law and fact common to the classes which predominate over any questions affecting only individual members of the classes, including without limitation, as alleged herein, whether:

a.   Defendants have failed to compensate the Class Members for pre-flight work performed in California in violation of California law;

b.   Defendants have failed to compensate the Class Members for on-call "reserve status" work performed in California in violation of California law;

FIRST AMENDED COMPLAINT

9

c.  Defendants have failed to pay Class Members who are former employees of Defendants all wages owed to them at the time of termination of the employment relationship;

d.  Defendants have violated California Business and Professions Code §§ 17200 et seq. by their failure to compensate the Class Members for pre-flight work and on-call "reserve status" work performed in California, and by the failure to pay the Class Members all wages due and owing at the time of the termination of the employment relationship; and

e.  The Class Members are entitled to equitable relief pursuant to California Business and Professions Code §§ 17200 et seq., including restitution of unpaid wages and an Order compelling Defendants to compensate pilots and flight attendants, in accordance with the requirements of California law, with respect to pre-flight work and on-call reserve status work performed by pilots and flight attendants in California.

22. **Typicality**. The Class Representative Plaintiffs' claims are typical of the claims of the classes. The Class Representative Plaintiffs were subjected to the same violations of their rights under California law and seek the same types of damages and penalties, and other relief on the same theories and legal grounds as the members of the classes they seek to represent.

23. **Adequacy of Representation**. Class Representative Plaintiffs Charles E. Ward, Felicia Vidrio, and Paul Bradley are members of the classes they seek to represent and will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' interests are not in conflict with those of the other Class Members. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

24. **Superiority of Class Action**. Class certification is appropriate here because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

VII.   **CAUSES OF ACTION**

A.   **CLASS ACTION CLAIMS**

**FIRST CAUSE OF ACTION**

**QUANTUM MERUIT/QUASI-CONTRACT**

25.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 24 above as though fully set forth herein.

26.   Plaintiffs rendered services to Defendants benefiting Defendants, to wit, pre-flight work performed in California and on-call "reserve status" work performed in California, but were not compensated by Defendants for such work. Injustice has resulted to Plaintiffs and the Class Members by providing the benefits of this work to Defendants without compensation, and Defendants have thereby been unjustly enriched. Accordingly, Plaintiffs seek recovery for themselves and the other Class Members for the reasonable value of the services they provided to Defendants without compensation. Plaintiffs and the other Class Members seek restitution from Defendants of all unpaid wages for pre-flight work performed in California and all unpaid wages for on-call "reserve status" work performed in California, and seek restitution of these unpaid wages as measured by the applicable regular hourly rates listed on their wage statements multiplied by the number of unpaid hours of pre-flight work and on-call reserve status work performed by each Class Member in California during the applicable statutory period, plus interest.

## SECOND CAUSE OF ACTION

### UNPAID MINIMUM WAGE

27.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 26 above as though fully set forth herein.

28.     Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, §4(B), require that employers pay at least the applicable minimum wage to employees for all hours worked in California. Plaintiffs and the other Class Members performed pre-flight work in California and on-call "reserve status" work in California, but were not compensated by Defendants for such work. Accordingly, Plaintiffs and the other Class Members did not receive compensation at California's minimum wage for such work. Defendants' failure to pay Plaintiffs and the other Class Members at least the required minimum wage for this work violates Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B). Pursuant to Labor Code §§ 1194, Plaintiffs and the other Class Members seek recovery of the unpaid minimum wage for all pre-flight work performed in California and for all on-call "reserve status" work performed in California, plus interest, costs, and reasonable attorney's fees. Additionally, pursuant to Labor Code § 1194.2, Plaintiffs and the other Class Members seek recovery of liquidated damages equal to the amount of the unpaid minimum wages.

## THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES

29.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 28 above as though fully set forth herein.

---

30.     Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation. If an employer fails to comply with its obligations under Labor Code §§201(a) and 202(a), then pursuant to Labor Code § 203, the employer must pay statutory penalties to the affected employee in the amount of one day's wages for each day the employee's wages are withheld, up to a maximum penalty of 30 days of wages.

31.     Defendants do not pay their pilots and flight attendants all wages owed for pre-flight work performed in California or for on-call "reserve status" work performed in California. Thus, in violation of Labor Code §§ 201 and 202, Defendants' pilots and flight attendants who reside in California are not paid these wages at the time of termination or resignation.

32.     Defendants' violations of §§ 201 and 202 as set forth above, are willful. Accordingly, Plaintiffs Ward and Vidrio seek, on behalf of themselves and the Class Members, the penalties provided by Labor Code § 203 in the amount of 30 days of wages for each former pilot and flight attendant of Defendants who performed unpaid pre-flight work and unpaid on-call "reserve status" work in California.

## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

33.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 32 above as though fully set forth herein.

34.     California Business & Professions Code § 17200, et seq., prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice…" The Class Members, including Plaintiffs, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein above. Defendants' conduct alleged above violated California's Labor Code and IWC Wage Order No. 9-2001.

35.     At all relevant times herein, Defendants did not pay the Class Members, including Plaintiffs, the wages that were owed to them. As a result of Defendants' failure to comply with the Labor Code and IWC Wage Order No. 9-2001, the Class Members, including Plaintiffs, suffered a loss of wages, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Business & Professions Code § 17200, et seq. and are unlawful and unfair business practices because it is being done in a systematic manner over a period of time to the detriment of the Class Members, including Plaintiffs.

36.     As a result of the unfair business practices of Defendants alleged herein, the Class Members, including Plaintiffs, are entitled to restitution of their unlawfully withheld wages in an amount according to proof at trial and an Order compelling Defendants to compensate pilots and flight attendants, in accordance with the requirements of California law, with respect to pre-flight work and on-call reserve status work performed by pilots and flight attendants in California. As private attorneys general under California Code of Civil Procedure § 1021.5, the Class Members seek to recover all attorney's fees and costs incurred herein.

### B.     PAGA CIVIL PENALTY REPRESENTATIVE CLAIMS

### FIFTH CAUSE OF ACTION

### PAGA CIVIL PENALTIES FOR MINIMUM WAGE VIOLATIONS

37.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 36 above as though fully set forth herein.

38.     Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, §4(B), require that employers pay at least the applicable minimum wage to employees for all hours worked in California. Plaintiffs and the other Aggrieved Employees performed pre-flight work and on-call "reserve status" work in California, as alleged above, but were not compensated by Defendants for such work. Accordingly, Plaintiffs and the other Aggrieved Employees did not receive compensation at California's minimum wage for such work. Defendants' failure to pay Plaintiffs and the other Aggrieved Employees at least the required minimum wage for this work violates Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B).

39.     Pursuant to Labor Code §§ 558, 2699(f)(2), 1197.1, and any other laws that may apply, Plaintiffs seek on behalf of the State of California and the Aggrieved Employees, all applicable PAGA civil penalties for Defendants' violations of the minimum wage requirements of Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B), plus reasonable attorney's fees and costs.

### SIXTH CAUSE OF ACTION

### PAGA CIVIL PENALTIES FOR WAITING TIME VIOLATIONS

40.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 39 above as though fully set forth herein.

FIRST AMENDED COMPLAINT

41.     Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation.

42.     Defendants do not pay their pilots and flight attendants all wages owed for pre-flight work performed in California or for on-call "reserve status" work performed in California, as alleged above. Thus, in violation of Labor Code §§ 201 and 202, Defendants' pilots and flight attendants who reside in California are not paid these wages at the time of termination or resignation.

43.     Pursuant to Labor Code § 2699(f)(2) and any other laws that may apply, Plaintiffs seek on behalf of the State of California and the Aggrieved Employees, all applicable PAGA civil penalties for Defendants' violations of the requirements of Labor Code §§ 201(a) and 202(a), plus reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants, jointly and severally as follows:

1.     That the First through the Fourth Causes of Action be certified as a class action pursuant to FRCP Rule 23;

2.     That Plaintiffs be appointed as the Class Representatives;

3.     That counsel for Plaintiffs be appointed Class Counsel;

4.     For such general, special and liquidated damages as may be appropriate, including all damages alleged above;

5.     For payment of all unpaid wages that were denied due to Defendants' illegal pre-flight work policy, illegal on-call "reserve status" policy, and illegal withholding of wages at termination of employment policy;

6.     For waiting time penalties of up to thirty (30) days of wages as provided for in Labor Code § 203 for all Class Members who are no longer employed by Defendants;

7.     For restitution of all unpaid wages illegally withheld, as described in the claim for relief under Business & Professions Code § 17200, et seq. in the Fourth Cause of Action, and for appropriate injunctive relief under Business & Professions Code § 17200, et seq. compelling Defendants to comply with the requirements of California law with respect to pre-flight work and on-call reserve status work performed by pilots and flight attendants in California;

8.     For reasonable attorney's fees and costs of suit permitted by California law, including fees based upon the common fund doctrine and lodestar rule;

9.     For all applicable civil penalties available under the Labor Code Private Attorney's General Act (Lab. C. § 2698 et seq.), Wage Order No. 9, and other California laws, plus reasonable attorney's fees and costs;

10.     For pre- and post-judgement interest; and

11.     For such other relief as the Court deems just and proper.

///

///

///

FIRST AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2  WHEREFORE, Plaintiffs hereby demand a trial by jury in this action.

3

Dated: September 12, 2019                    LAW OFFICES OF KIRK D. HANSON

4

5  BY: _____

6                                              Kirk D. Hanson, Esq.
                                              Attorneys for Plaintiffs Charles E. Ward,
7                                              Felicia Vidrio, and Paul Bradley

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

### ORDER OF THE COURT

2          Based upon the foregoing Stipulation of the Parties, Plaintiffs shall be allowed to file the

3 First Amended Complaint as attached as Exhibit 1 to the Stipulation above, and that the attached

4 FAC shall be deemed filed with the Court and served on Defendant through its attorneys of

5 record on the date that the Court signs this Order and that Defendant shall have thirty (30) days

6 thereafter, if not sooner, to answer, move, or otherwise respond to the FAC, with all substantive

and procedural defenses thereto preserved.

7 **IT IS SO ORDERED.**

8

9 **DATE:**_____

10                                                          _____

                                                          Magistrate Judge Laurel Beeler

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: LEAVE TO FILE FAC
AND ORDER THEREON

## PROOF OF ELECTRONIC SERVICE

I, Cindy Vongphamay, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this matter; my business address is 2790 Truxtun Rd., Suite 140, San Diego, CA 92106.

On September 12, 2019, I served the following document(s) described as:

1.   FIRST AMENDED COMPLAINT

on the interested parties in this matter as listed below:

Adam P. KohSweeney
O'Melveny & Meyers LLP
Two Embarcasero Center
28th Floor
San Francisco, CA 94111
Attorneys for Defendant United Airlines, Inc.

The service was performed by:

[ X ]   BY ELECTRONIC SERVICE: Pursuant to the Order of the Court, I uploaded the document(s) listed above electronically through the United States District Court, Northern District of California CM/ECF's website and posted to the website the above documents, thereby serving the above-listed parties with said documents, and all parties were given notice that said documents were served.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 12, 2019, at San Diego, California.


s/ Cindy Vongphamay

STIPULATION RE: LEAVE TO FILE FAC
AND ORDER THEREON