1
2
3
4          **UNITED STATES DISTRICT COURT**
5          **NORTHERN DISTRICT OF CALIFORNIA**
6
| | |
|---|---|
| CHARLES E. WARD; FELICIA VIDRIO and PAUL BRADLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., and Does 1 through 25, inclusive,<br><br>Defendants. | Case No.  3:19-cv-03423-LB<br><br>STIPULATION RE: AMENDED BRIEFING SCHEDULE AND LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2) AND ORDER THEREON |

**WHEREAS**, plaintiffs Charles E. Ward, Felicia Vidrio, and Paul Bradley (collectively, "Plaintiffs") now seek to file a Second Amended Complaint ("SAC") in response to the recent California Supreme Court's decision in *Oman v. Delta Air Lines, Inc.* (2020) 9 Cal.5th 762, and thereby remove all allegations in the Complaint relating to unpaid off-the-clock pre-flight duties, and clarify the remaining allegations concerning "on-call" reserve time duties;

**WHEREAS**, defendant United Airlines, Inc. ("United" or "Defendant") does not oppose Plaintiffs filing such a SAC;

**WHEREAS**, Defendant denies all allegations in the SAC, and by stipulating to the filing of the SAC, Defendant does not waive, but rather expressly preserves, all substantive and procedural defenses thereto;

**WHEREAS**, the parties hereby stipulate that upon the Court's entry of Order allowing Plaintiffs to file the attached SAC, the SAC shall be deemed served on Defendant through its attorneys of record on that date and Defendant shall answer, move, or otherwise respond to the SAC thirty (30) days thereafter;

**WHEREAS**, the parties proposed a modification to the current briefing schedule in this case in their Joint Case Management Conference Statement, dated September 24, 2020 [Doc. No. 30], and the Court in response directed the parties to file a stipulation and proposed order regarding this requested modification [Doc. No. 31]; and

**THEREFORE**, pursuant to FRCP 15(a)(2), it is hereby stipulated and agreed by and between the undersigned parties, through their respective counsel, as follows:

1. Plaintiff may file the SAC attached hereto as Exhibit 1.

2. The SAC attached hereto as Exhibit 1 shall be deemed served on Defendant through its attorneys of record on the date that the Court signs this Order, and that Defendant shall have thirty (30) days thereafter, if not sooner, to answer, move, or otherwise respond to the SAC, with all substantive and procedural defenses thereto preserved.

3. That the current dates for class certification briefing be adjusted as follows:

   a. November 30, 2020 – Deadline for Plaintiffs to file/serve motion for class certification;

   b. December 30, 2020 – Deadline for United to file/serve opposition; and

   c. January 14, 2021 – Deadline for Plaintiffs to file/serve reply brief;

   **IT IS SO STIPULATED.**

Dated: September 29, 2020

LAW OFFICES OF KIRK D. HANSON
KIRK D. HANSON

By:    /s/ Kirk D. Hanson
Kirk D. Hanson
Attorneys for Plaintiffs Charles Ward, Felicia
Vidrio, and Paul Bradley

Dated: September 29, 2020

O'MELVENY & MYERS LLP
ADAM P. KOHSWEENEY
SUSANNAH K. HOWARD

By:    /s/ Adam P. KohSweeney
Adam P. KohSweeney
Attorneys for Defendant United Airlines, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**EXHIBIT 1**

28

STIPULATION TO AMEND BRIEFING SCHEDULE
AND LEAVE TO FILE SAC AND ORDER THEREON

1  Kirk D. Hanson, State Bar No. 167920
   LAW OFFICES OF KIRK D. HANSON
2  2790 Truxtun Rd., Suite 140
   San Diego, California 92106
3  (619) 523-1992 Tel.
   (619) 523-9002 Fax
4
   Jeffrey C. Jackson, State Bar No. 140990
5  LAW OFFICES OF JEFFREY C. JACKSON
   2790 Truxtun Rd., Suite 140
6  San Diego, California 92106
   (619) 523-9001 Tel.
7  (619) 523-9002 Fax
8  Attorneys for Plaintiffs
   Charles E. Ward, Felicia Vidrio,
9  and Paul Bradley

10                    UNITED STATES DISTRICT COURT,
11                    NORTHERN DISTRICT OF CALIFORNIA

12  CHARLES E. WARD, FELICIA VIDRIO and    )  Case No.:  19-cv-03423-LB
    PAUL BRADLEY, individually, and on behalf of )
13  all others similarly situated,         )   **SECOND AMENDED COMPLAINT**
                                           )   **(CLASS ACTION AND PAGA**
14                                         )   **REPRESENTATIVE ACTION**
                  Plaintiffs,             )   **COMPLAINT)**
15  v.                                     )
                                           )
16  UNITED AIRLINES, INC., and Does 1 through )
    25, inclusive,                         )
17                                         )
                                           )
18                                         )
                  Defendants.             )
19                                         )
                                           )
20  _____ )

21      Plaintiffs, CHARLES E. WARD, FELICIA VIDRIO and PAUL BRADLEY
22  ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as
23  follows:

24      **I.      <u>INTRODUCTION</u>**
25

26      1.      Plaintiffs bring this action against UNITED AIRLINES, INC. and DOES 1 through
27  25 (hereinafter also collectively referred to as "Defendants") for violations of California's wage
28

STIPULATION TO AMEND BRIEFING SCHEDULE
                                          AND LEAVE TO FILE SAC AND ORDER THEREON

and hour laws stemming from Defendants' uniform policy applied to pilots and flight attendants who work on-call in "reserve status," under which policy pilots and flight attendants perform on-call reserve status work without compensation during monthly bid periods when they are paid a leading pay value based upon duty time, and not based upon minimum pay guarantee. In short, pilots and flight attendants are only compensated for on-call reserve time under the pay scenario known as minimum pay guarantee ("MPG"). Thus, if MPG is not the leading pay value at the end of the monthly bid period, and the leading pay value is instead duty time relating to flights, then Defendants either (1) illegally borrow from contractual duty time to compensate for on-call reserve time or (2) illegally fail to compensate for on-call reserve time at all. *Oman v. Delta Air Lines* (2020) 9 Cal.5th 762, 779-782.

2.      Defendants are in the business of air transportation and conduct this business throughout the United States, including the State of California. Plaintiffs are current and former employees of Defendants and are paid on an hourly basis.

3.      Plaintiffs bring this lawsuit against Defendants on behalf of themselves and all other current and former pilots and flight attendants of Defendants who perform work in California, seeking, among other things, unpaid wages, interest, statutory penalties, civil penalties, attorney's fees, costs, and injunctive relief pursuant to the California law.

## II.    JURISDICTION

4.      This Court has jurisdiction over Plaintiffs', the Class Members', and the Aggrieved Employees' claims for relief as these persons perform work in California without compensation, in violation of California's laws regulating wages, hours, and conditions of work. Likewise, this Court has jurisdiction over Defendants as Defendants have deep contacts with the State of California, including but not limited to, employing over 17,000 employees at San Francisco International Airport (SFO) and Los Angeles International Airport (LAX) alone, servicing 17

airports in California (more than in any other state), operating over 400 flights daily in California, serving an average of 10.6 million passengers annually at SFO and 5.6 million passengers annually at LAX, and recently investing $573,000,000 in upgrades to Defendants' facilities at LAX.

### III.  VENUE

5.      Venue as to each Defendant is proper in this court because each Defendant maintains offices, transacts business, and/or has an agent in San Francisco County, and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Francisco County. Defendants employ the Class Members and Aggrieved Employees in San Francisco County and other counties in California.

### IV.  PARTIES

**Plaintiffs**

6.      Class representative CHARLES E. WARD resides in Marin County, California, was employed by Defendants as a pilot until his retirement in August of 2018, and was headquartered, domiciled, and home-based during his employment with Defendants at SFO.

7.      Class representative FELICIA VIDRIO resides in Oceanside, California, is currently employed by Defendants as a flight attendant, and is headquartered, domiciled, and home-based at SFO.

8.      Class representative PAUL BRADLEY resides in Nevada, is currently employed by Defendants as a flight attendant, and is headquartered, domiciled, and home-based at LAX.

**Defendants**

9.      Plaintiffs are informed and believe, and based thereon allege, that UNITED AIRLINES, INC., is the employer of Plaintiffs, the Class Members, and Aggrieved Employees and employed these persons during the applicable class period and applicable statutory periods.

STIPULATION TO AMEND BRIEFING SCHEDULE
AND LEAVE TO FILE SAC AND ORDER THEREON

10. Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 25, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of wages and penalties to Plaintiffs, the Class Members, and the Aggrieved Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11. Plaintiffs are informed and believe, and based thereon allege, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, Plaintiffs allege that a unity of interest and ownership exists between each Defendant such that all Defendants acted as a single employer of Plaintiffs and the Class Members.

12. Pursuant to the California Private Attorneys General Act ("PAGA")(Labor C. § 2698 et seq.), and in particular Labor Code § 2699.3(a), on April 24, 2019, Plaintiffs Ward and Vidrio gave written notice by certified mail to Defendants and notice by electronic service to the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations. Over sixty-five (65) calendar days have passed since Plaintiffs Ward and Vidrio provided the LWDA with their PAGA claim notice on April 24, 2019, and there has been no response from the LWDA. Therefore, Plaintiffs Ward and Vidrio have exhausted the prefiling administrative requirements of PAGA, and may now prosecute the PAGA representative claims on behalf of the State of California in their role as private attorneys general. Pursuant to PAGA, and in particular Labor Code § 2699.3(a), on August 31, 2020, Plaintiffs Ward and Vidrio

submitted their Amended PAGA Claim Notice ("Amended Notice") supplementing their prior Notice with additional facts and theories arising out of the recent California Supreme Court decision in *Oman v. Delta Air Lines* (2020) 9 Cal.5th 762.  The Amended Notice was given to Defendants by certified mail and given to the LWDA by electronic service. The Amended Notice advised Defendants and the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations.

**V.     GENERAL FACTUAL ALLEGATIONS**
**Unpaid On-Call "Reserve Status"**

13.     During every monthly bid period, Defendants' pilots and flight attendants are either classified as a "lineholder" or a "reserve." The pilots and flight attendants may alternate between lineholder and reserve status in different bid periods. Lineholders have a set flight schedule during the bid period, whereas reserves are "on-call" waiting for a flight assignment during the specified reserve days in the bid period. Reserve pilots are on reserve status for 18 days during each bid period, and are typically on reserve status for blocks of 3 to 6 days at a time, with 2 days off in between the reserve blocks. Reserve flight attendants' available reserve days during each bid period are calculated by subtracting 12 days from the applicable bid period, and the remaining days are the reserve days. Reserve flight attendants are typically on reserve status for blocks of 3 to 6 days at a time. While on reserve status, pilots and flight attendants cannot consume alcohol and must be ready to report for duty at their home-based airport in California upon phone notice from Defendants. Thus, pilots and flight attendants are significantly limited with respect to personal travel and other personal activities while on reserve status.

14.     At the end of each bid period, Defendants' payroll system calculates the pay for the pilots and flight attendants under minimum pay guarantee ("MPG") and duty time, and pays the greater of the two, that is, pays the leading pay value between MPG and duty time. The MPG pay scenario is generally a set number of hours that the pilot or flight attendant is guaranteed to

be paid at the end of the bid period. Duty time for pilots and flight attendants is calculated under four different competing pay scenarios that, with one exception, generally begin at the time the pilot or flight attendant reports for duty at his or her home-based airport to begin a flight and end when the pilot or flight attendant is released from duty after returning to his or her home-based airport. The one exception within these four pay scenarios is calculated based upon the greater of the actual or scheduled flight time. The four pay scenarios under duty time all relate to trips and/or flying.

15. The MPG pay scenario is the only pay value that compensates the pilots and flight attendants for their on-call reserve days, and does so based upon specific increments of time that are contributed to the pilots' and flight attendants' MPG calculation for each reserve day. However, when pilots and flight attendants work during the bid period on reserve status, and the leading pay value at the end of the bid period is calculated to be duty time pay, then Defendants either (1) illegally borrow from the contractual duty time pay to compensate the pilots and flight attendants for on-call reserve time or (2) illegally fail to compensate the pilots and flight attendants for on-call reserve time at all. *Oman v. Delta Air Lines* (2020) 9 Cal.5th 762, 779-782.

## VI. CLASS ACTION ALLEGATIONS

16. Plaintiffs hereby incorporate by reference Paragraphs 1 through 15 above as though fully set forth herein.

17. **Class Definitions.** Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Classes that Plaintiffs seek to represent are defined as follows:

///

///

///

(1)     All pilots employed by UNITED AIRLINES, INC. at any time between April of 2015 and the final judgment in this action (the "Covered Time"), who, at any time during the Covered Time were classified as a reserve pilot in any bid period in which they were also a California resident domiciled/home-based at a California airport, and who were compensated for that reserve bid period under a pay scenario that *was not* minimum pay guarantee (e.g. "MPG").

(2)     All flight attendants employed by UNITED AIRLINES, INC. at any time between April of 2015 and the final judgment in this action (the "Covered Time"), who, at any time during the Covered Time were classified as a reserve flight attendant in any bid period in which they were also a California resident domiciled/home-based at a California airport, and who were compensated for that reserve bid period under any pay scenario that *was not* minimum pay guarantee (e.g. "MPG").

18.     This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable from Defendants' personnel and payroll records.

19.     **Numerosity.**  The potential members of the classes as defined are so numerous that a joinder of all Class Members is impracticable. While the precise number of Class Members has not yet been determined, Plaintiffs are informed and believe that Defendants have employed 12,293 pilots and 22,955 flight attendants in California during the Class Periods.

20.     **Commonality.** There are questions of law and fact common to the classes which predominate over any questions affecting only individual members of the classes, including without limitation, as alleged herein, whether:

a.    Defendants have failed to compensate the Class Members for on-call reserve work performed in California in violation of California law, or have borrowed compensation from contractual duty time to compensate for on-call reserve time in violation of California law;

b.    Defendants have failed to pay Class Members who are former employees of Defendants all wages owed to them at the time of termination of the employment relationship;

c.  Defendants have violated California Business and Professions Code §§ 17200 et seq. by their failure to properly compensate the Class Members for on-call reserve time work performed in California, and by the failure to pay the Class Members all wages due and owing at the time of the termination of the employment relationship; and

d.  The Class Members are entitled to equitable relief pursuant to California Business and Professions Code §§ 17200 et seq., including restitution of unpaid wages and an Order compelling Defendants to compensate pilots and flight attendants, in accordance with the requirements of California law, with respect to on-call reserve work performed by pilots and flight attendants in California.

21. **Typicality**. The Class Representative Plaintiffs' claims are typical of the claims of the classes. The Class Representative Plaintiffs were subjected to the same violations of their rights under California law and seek the same types of damages and penalties, and other relief on the same theories and legal grounds as the members of the classes they seek to represent.

22. **Adequacy of Representation**. Class Representative Plaintiffs Charles E. Ward, Felicia Vidrio, and Paul Bradley are members of the classes they seek to represent and will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' interests are not in conflict with those of the other Class Members. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

23. **Superiority of Class Action**. Class certification is appropriate here because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those

similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**VII.    CAUSES OF ACTION**

**A.    CLASS ACTION CLAIMS**

**FIRST CAUSE OF ACTION**
**QUANTUM MERUIT/QUASI-CONTRACT**

24.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 23 above as though fully set forth herein.

25.    Plaintiffs rendered services to Defendants benefiting Defendants, to wit, on-call "reserve status" work performed in California, but were not compensated or not properly compensated by Defendants for such work. Injustice has resulted to Plaintiffs and the Class Members by providing the benefits of this work to Defendants without proper compensation, and Defendants have thereby been unjustly enriched. Accordingly, Plaintiffs seek recovery for themselves and the other Class Members for the reasonable value of the services they provided to Defendants without proper compensation. Plaintiffs and the other Class Members seek restitution from Defendants of all unpaid wages for on-call "reserve status" work performed in California, and seek restitution of these unpaid wages as measured by the applicable regular hourly rates listed on their wage statements multiplied by the number of unpaid hours of on-call reserve status work performed by each Class Member in California during the applicable statutory period, plus interest.

**SECOND CAUSE OF ACTION**
**UNPAID MINIMUM WAGE**

26.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 25 above as though fully set forth herein.

27.    Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001,

- 13 -

§4(B), require that employers pay at least the applicable minimum wage to employees for all hours worked in California. Plaintiffs and the other Class Members performed on-call "reserve status" work in California, but were not properly compensated by Defendants for such work. Accordingly, Plaintiffs and the other Class Members did not receive compensation at California's minimum wage for such work. Defendants' failure to pay Plaintiffs and the other Class Members at least the required minimum wage for this work violates Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B). Pursuant to Labor Code §§ 1194, Plaintiffs and the other Class Members seek recovery of the unpaid minimum wage for all on-call "reserve status" work performed in California, plus interest, costs, and reasonable attorney's fees. Additionally, pursuant to Labor Code § 1194.2, Plaintiffs and the other Class Members seek recovery of liquidated damages equal to the amount of the unpaid minimum wages.

## THIRD CAUSE OF ACTION
### UNPAID CONTRACTUAL WAGES

28. Plaintiffs hereby incorporate by reference Paragraphs 1 through 27 above as though fully set forth herein.

29. Pilots and flight attendants are only compensated for on-call reserve time under the pay scenario known as minimum pay guarantee ("MPG"). If MPG is not the leading pay value at the end of the monthly bid period, and the leading pay value is instead duty time relating to flights, then Defendants either (1) illegally borrow from contractual duty time to compensate for on-call reserve time or (2) illegally fail to compensate for on-call reserve time at all. *Oman v. Delta Air Lines* (2020) 9 Cal.5th 762, 779-782. This violates Labor Code section 221, which prohibits Defendants from paying wages and then recouping some portion of the wages as a kickback or secret deduction. *Id*. at p. 780. This also violates Labor Code section 222, which prohibits Defendants from underpaying the wages established by the pilot and flight attendant collective bargaining agreements for duty time, by illegally borrowing from contractual duty time

compensation to pay for on-call reserve time. *Id*. at pp. 780-781.

30.     Plaintiffs seek the unpaid or underpaid wages resulting from Defendants' violations of Labor Code sections 221 and 222, plus costs, interest, and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
## WAITING TIME PENALTIES

31.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 30 above as though fully set forth herein.

32.     Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation. If an employer fails to comply with its obligations under Labor Code §§201(a) and 202(a), then pursuant to Labor Code § 203, the employer must pay statutory penalties to the affected employee in the amount of one day's wages for each day the employee's wages are withheld, up to a maximum penalty of 30 days of wages.

33.     Defendants do not pay their pilots and flight attendants all wages owed for on-call "reserve status" work performed in California. Thus, in violation of Labor Code §§ 201 and 202, Defendants' pilots and flight attendants who reside in California are not paid these wages at the time of termination or resignation.

34.     Defendants' violations of §§ 201 and 202 as set forth above, are willful. Accordingly, Plaintiffs Ward and Vidrio seek, on behalf of themselves and the Class Members, the penalties provided by Labor Code § 203 in the amount of 30 days of wages for each former pilot and flight attendant of Defendants who performed unpaid or underpaid on-call "reserve status" work in California.

# **FIFTH CAUSE OF ACTION**

## **UNFAIR BUSINESS PRACTICES**

35.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 34 above as though fully set forth herein.

36.     California Business & Professions Code § 17200, et seq., prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice…" The Class Members, including Plaintiffs, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein above. Defendants' conduct alleged above violated California's Labor Code and IWC Wage Order No. 9-2001.

37.     At all relevant times herein, Defendants did not pay the Class Members, including Plaintiffs, the wages that were owed to them. As a result of Defendants' failure to comply with the Labor Code and IWC Wage Order No. 9-2001, the Class Members, including Plaintiffs, suffered a loss of wages, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Business & Professions Code § 17200, et seq. and are unlawful and unfair business practices because it is being done in a systematic manner over a period of time to the detriment of the Class Members, including Plaintiffs.

38.     As a result of the unfair business practices of Defendants alleged herein, the Class Members, including Plaintiffs, are entitled to restitution of their unlawfully withheld wages in an amount according to proof at trial and an Order compelling Defendants to compensate pilots and flight attendants, in accordance with the requirements of California law, with respect to on-call reserve status work performed by pilots and flight attendants in California. As private attorneys

general under California Code of Civil Procedure § 1021.5, the Class Members seek to recover all attorney's fees and costs incurred herein.

**B.      PAGA CIVIL PENALTY REPRESENTATIVE CLAIMS**

**SIXTH CAUSE OF ACTION**

**PAGA CIVIL PENALTIES FOR MINIMUM WAGE VIOLATIONS**

39.      Plaintiffs hereby incorporate by reference Paragraphs 1 through 38 above as though fully set forth herein.

40.      Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, §4(B), require that employers pay at least the applicable minimum wage to employees for all hours worked in California. Plaintiffs and the other Aggrieved Employees performed on-call "reserve status" work in California, as alleged above, but were not compensated by Defendants for such work. Accordingly, Plaintiffs and the other Aggrieved Employees did not receive compensation at California's minimum wage for such work. Defendants' failure to pay Plaintiffs and the other Aggrieved Employees at least the required minimum wage for this work violates Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B).

41.      Pursuant to Labor Code §§ 558, 2699(f)(2), 1197.1, and any other laws that may apply, Plaintiffs seek on behalf of the State of California and the Aggrieved Employees, all applicable PAGA civil penalties for Defendants' violations of the minimum wage requirements of Labor Code §§ 1182.12, 1194, and 1197, and IWC Wage Order No. 9-2001, § 4(B), plus reasonable attorney's fees and costs.

**SEVENTH CAUSE OF ACTION**
**PAGA CIVIL PENALTIES FOR UNPAID CONTRACTUAL WAGES**

42.      Plaintiffs hereby incorporate by reference Paragraphs 1 through 41 above as

STIPULATION TO AMEND BRIEFING SCHEDULE
AND LEAVE TO FILE SAC AND ORDER THEREON

though fully set forth herein.

43.     Pilots and flight attendants are only compensated for on-call reserve time under the pay scenario known as minimum pay guarantee ("MPG"). If MPG is not the leading pay value at the end of the monthly bid period, and the leading pay value is instead duty time relating to flights, then Defendants either (1) illegally borrow from contractual duty time to compensate for on-call reserve time or (2) illegally fail to compensate for on-call reserve time at all. *Oman v. Delta Air Lines* (2020) 9 Cal.5[th] 762, 779-782. This violates Labor Code section 221, which prohibits Defendants from paying wages and then recouping some portion of the wages as a kickback or secret deduction. *Id*. at p. 780. This also violates Labor Code section 222, which prohibits Defendants from underpaying the wages established by the pilot and flight attendant collective bargaining agreements for duty time, by illegally borrowing from contractual duty time compensation to pay for on-call reserve time. *Id*. at pp. 780-781.

44.     Plaintiffs seek all applicable civil penalties that may be assessed under PAGA resulting from Defendants' violations of Labor Code sections 221 and 222, including civil penalties under Labor Code section 225.5, plus reasonable attorney's fees and costs.

## EIGHTH CAUSE OF ACTION

### PAGA CIVIL PENALTIES FOR WAITING TIME VIOLATIONS

45.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 44 above as though fully set forth herein.

46.     Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation.

47.     Defendants do not pay their pilots and flight attendants all wages owed for on-call "reserve status" work performed in California, as alleged above. Thus, in violation of Labor Code §§ 201 and 202, Defendants' pilots and flight attendants who reside in California are not paid these wages at the time of termination or resignation.

48.     Pursuant to Labor Code § 2699(f)(2) and any other laws that may apply, Plaintiffs seek on behalf of the State of California and the Aggrieved Employees, all applicable PAGA civil penalties for Defendants' violations of the requirements of Labor Code §§ 201(a) and 202(a), plus reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants, jointly and severally as follows:

1.     That the First through the Fifth Causes of Action be certified as a class action pursuant to FRCP Rule 23;

2.     That Plaintiffs be appointed as the Class Representatives;

3.     That counsel for Plaintiffs be appointed Class Counsel;

4.     For such general, special and liquidated damages as may be appropriate, including all damages alleged above;

5.     For payment of all unpaid wages that were denied due to Defendants' illegal on-call "reserve status" policy, and illegal withholding of wages at termination of employment policy;

6.      For waiting time penalties of up to thirty (30) days of wages as provided for in Labor Code § 203 for all Class Members who are no longer employed by Defendants;

7.      For restitution of all unpaid wages illegally withheld, as described in the claim for relief under Business & Professions Code § 17200, et seq. in the Fifth Cause of Action, and for appropriate injunctive relief under Business & Professions Code § 17200, et seq. compelling Defendants to comply with the requirements of California law with respect to on-call reserve status work performed by pilots and flight attendants in California;

8.      For reasonable attorney's fees and costs of suit permitted by California law, including fees based upon the common fund doctrine and lodestar rule;

9.      For all applicable civil penalties available under the Labor Code Private Attorney's General Act (Lab. C. § 2698 et seq.), Wage Order No. 9, and other California laws, plus reasonable attorney's fees and costs;

10.     For pre- and post-judgement interest; and

11.     For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiffs hereby demand a trial by jury in this action.

Dated: September 29, 2020                    LAW OFFICES OF KIRK D. HANSON

                                             BY:    /s/ Kirk D. Hanson
                                                    Kirk D. Hanson, Esq.
                                                    Attorneys for Plaintiffs Charles E.
                                                    Ward, Felicia Vidrio, and Paul
                                                    Bradley

## ORDER OF THE COURT

Based upon the foregoing Stipulation of the Parties, Plaintiffs shall be allowed to file the Second Amended Complaint as attached as Exhibit 1 to the Stipulation above, and that the attached SAC shall be deemed filed with the Court and served on Defendant through its attorneys of record on the date that the Court signs this Order and that Defendant shall have thirty (30) days thereafter, if not sooner, to answer, move, or otherwise respond to the SAC, with all substantive and procedural defenses thereto preserved.

In addition, the current briefing schedule regarding class certification is modified as follows:

a. November 30, 2020 – Deadline for Plaintiffs to file/serve motion for class certification;

b. December 30, 2020 – Deadline for United to file/serve opposition;

c. January 14, 2021 – Deadline for Plaintiffs to file/serve reply brief;

**IT IS SO ORDERED.**

**DATE**:_____                    _____

Magistrate Judge Laurel Beeler

**PROOF OF ELECTRONIC SERVICE**

I, Kirk D. Hanson, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this matter; my business address is 2790 Truxtun Rd., Suite 140, San Diego, CA 92106.

On September 29, 2020, I served the following document(s) described as:

1. **STIPULATION RE: AMENDED BRIEFING SCHEDULE AND LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2) AND ORDER THEREON**

on the interested parties in this matter as listed below:

Adam P. KohSweeney
O'Melveny & Meyers LLP
Two Embarcasero Center
28th Floor
San Francisco, CA 94111
Attorneys for Defendant United Airlines, Inc.

The service was performed by:

[ X ]   BY ELECTRONIC SERVICE: Pursuant to the Order of the Court, I uploaded the document(s) listed above electronically through the United States District Court, Northern District of California CM/ECF's website and posted to the website the above documents, thereby serving the above-listed parties with said documents, and all parties were given notice that said documents were served.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 29, 2020, at San Diego, California.


s/ Kirk D. Hanson

STIPULATION TO AMEND BRIEFING SCHEDULE
AND LEAVE TO FILE SAC AND ORDER THEREON